**FILED**

JUL 2 3 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Michael E. Kennedy, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. **12 1203** |
| | ) | |
| Anne S. Ferro, Administrator, | ) | |
| | ) | |
| Respondent. | ) | |

MEMORANDUM OPINION

This matter, brought *pro se*, is before the Court on its initial review of the petition for a writ of mandamus and application for leave to proceed *in forma pauperis*. The Court finds that petitioner has failed to state a claim for such extraordinary relief. It therefore will grant the *in forma pauperis* application and dismiss the petition pursuant to 28 U.S.C. § 1915(e)(2) (requiring dismissal of an action upon a determination that the complaint, among other grounds, fails to state a claim upon which relief can be granted).

Petitioner, a resident of Parsonsburg, Maryland, seeks issuance of the writ to prohibit the Federal Motor Carrier Safety Administration from "engaging in prohibited and/or discriminatory hiring practices . . . ." and to compel its filling of seven advertised job vacancies. Pet. at 1-2.

The extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. The petitioner bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citation omitted). "It is well-settled that a writ of mandamus is not available to compel discretionary acts." *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases).

Furthermore, mandamus relief is not available when another adequate remedy exists to address the underlying claim.

The instant petition provides no basis for issuing a writ of mandamus because (1) an agency's hiring decisions are discretionary acts, *see Burkhart v. WMATA*, 112 F.3d 1207, 1217 (D.C. Cir. 1997) (holding that "decisions concerning the hiring, training, and supervising of . . . employees are discretionary in nature, and thus immune from judicial review"); and (2) "Title VII of the Civil Rights Act of 1964, as amended, 'provides the exclusive judicial remedy for claims of discrimination in [covered] federal employment,'" *Kizas v. Webster*, 707 F.2d 524, 542 (D.C. Cir. 1983) (quoting *Brown v. General Service Admin.*, 425 U.S. 820, 835 (1976)), including claims based on an agency's failure to hire. *See* 42 U.S.C. § 2000e-2(a)(1) ("It shall be an unlawful employment practice for an employer . . . to fail or refuse to hire . . . any individual . . .because of [his] race, color, religion, sex, or national origin[.]"). Hence, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

_____
United States District Judge

Date: July __16th__, 2012